IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALLY SLOCUM<br>224 Gravel Pike<br>Collegeville, PA 19426<br><br>  Plaintiff,<br>  v.<br><br>THE HOME DEPOT U.S.A., INC.<br>*d/b/a* THE HOME DEPOT<br>2455 Paces Ferry Road, NW<br>Atlanta, GA 30339<br><br>  Defendant. | CIVIL ACTION<br><br>No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Sally Slocum (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by The Home Depot U.S.A., Inc. *d/b/a* The Home Depot (*hereinafter* "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. The Home Depot U.S.A., Inc. *d/b/a* The Home Depot is a home improvement retailer with retail locations in several states throughout the United States (including in Pennsylvania), with headquarters located at the address in the above-caption. Plaintiff was hired

through and worked out of The Home Depot retail location at 600 Trooper Road, Norristown, Pennsylvania.

9. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was employed with Defendant for approximately 3 years as a Merchandising Executive Team ("MET") Associate, working out of Defendant's Norristown, Pennsylvania retail location, from in or about 2017 until her unlawful termination (discussed further *infra*) on or about July 22, 2020.

12. Plaintiff was initially primarily supervised by Supervisor, Eric Phelps (*hereinafter* "Phelps") until she began to report to Store MET Supervisor, Megan Heller (*hereinafter* "Heller") in or about 2019. Plaintiff was also generally supervised by District Manager, Tabia Brown (*hereinafter* "Brown"), until Brown's departure in June of 2020, after which Plaintiff was supervised by District Manager, James LaFreeda (*hereinafter* "LaFreeda").

13. Throughout her employment with Defendant, Plaintiff was a hard-working employee who performed her job well.

14. Plaintiff has and continues to suffer from alcohol dependency (a disability under the ADA), and other complications.

15. Defendant's management, including but not limited to Phelps, Heller, and Brown, were aware of Plaintiff's aforesaid disability.

16. Despite her aforesaid health conditions, Plaintiff was able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable accommodations while employed with Defendant (discussed further *infra*).

17. For example, from in or about mid-2018, Plaintiff took an approved several-month leave of absence to care for and treat her alcohol dependency (a reasonable accommodation under the ADA).

18. Following Plaintiff's return from medical leave, she informed Defendant's management that she required the reasonable accommodation of 1 hour off on Tuesdays to attend counseling sessions for her disabilities.

19. While Defendant did provide Plaintiff with time off for counseling sessions for her disabilities, Defendant's management subjected Plaintiff to hostility and animosity whenever she utilized this accommodation.

20. Thereafter, in or about June of 2019, Plaintiff commenced another approved medical leave of absence until in or about October of 2019 for an out of work foot injury (resulting in several broken toes).

21. Following Plaintiff's return from medical leave, she immediately began to be subjected to harassment, humiliation, and hostility by several newly hired employees who tauntingly stated to Plaintiff, "we were told you go to your car at lunch and drink." Plaintiff was shocked as clearly Defendant's management had been disparagingly and discriminatorily discussing her personal health information and disabilities to store employees, while she had been on medical leave.

22. From that moment on, the aforementioned newly hired employees (*see* Paragraph 21, *supra*) began to harass and prevent Plaintiff from performing her job duties. By way of example, but not intended to be an exhaustive list, the newly hired employees:

a. Began to rearrange or rip off tags that Plaintiff had placed on merchandise while working;

b. Intentionally physically bumped or walked into Plaintiff on several occasions;

c. Took Plaintiff's work-provided tools so that she was forced to buy her own set of tools;

d. Continued to make disparaging comments about Plaintiff's disability (alcohol dependency); and

e. When Plaintiff implored the employees to stop walking into her, she was threatened and told "don't make me beat you."

23. Plaintiff complained of the aforesaid hostility and animosity to multiple levels of management, including but not limited to Brown, Heller, Human Resources ("HR") Representative, Stacey Mastrocola (*hereinafter* "Mastrocola"), and even contacted Defendant's Awareness Hotline. Specifically, Plaintiff informed Brown that the comment about her drinking in her car at lunch (which Plaintiff never did), was disrespectful and discriminatory, and she believed she was being treated unfairly because of her disabilities and for requesting/taking medical leave.

24. However, instead of investigating or addressing Plaintiff's concerns of disability discrimination and retaliation, Defendant's management called Plaintiff a "liar," stripped her of several of her job duties, told her to "suck it up," and also stated "are you sure you are not imagining things" – which Plaintiff believes is a direct reference to her disability (alcohol dependency) and Defendant's perception that it must affect her memory.

25. On a separate occasion, Plaintiff informed Phelps that she had bruised her back while standing on a chair at home to change a track lighting bulb. Phelps responded "you can't

blame it on a wobbly chair, you lost your balance because you are unsteady because of your past" – another transparently derogatory reference to Plaintiff's disability.

26. On or about July 22, 2020, shortly after Plaintiff's most recent complaints of harassment and disparate treatment because of her disabilities and requests for accommodations, she was abruptly terminated for allegedly treating co-workers in an abusive, threatening, and disrespectful manner.

27. Defendant's purported reason for Plaintiff's termination – subjecting others to a hostile work environment – is complete pretextual, false, and utterly laughable because ***Plaintiff was the one who had been threatened, treated disrespectfully, and had complained multiple times of same***. Plaintiff never threatened or abused any of her co-workers, and never had any problems at work until she informed Defendant of her disabilities and requested/utilized medical leave to treat same.

28. Plaintiff believes and therefore avers that she was terminated because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations (which constitutes illegal retaliation); and (4) in retaliation for her complaints of disability discrimination.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**and [3] Hostile Work Environment)**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities.

31. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

32. Plaintiff requested reasonable accommodations from Defendant in the form of a medical leave of absence to care for and treat her aforesaid health conditions as well as limited time off for counseling sessions for her disabilities.

33. During Plaintiff's employment with Defendant, she was subjected to discrimination and a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or derogatory treatment because of her disabilities and requests for accommodations.

34. Plaintiff complained to Defendant's management on several occasions that she believed the negative treatment she was receiving constituted disability discrimination and retaliation for her requests for accommodations.

35. Plaintiff was terminated from her employment with Defendant in close proximity to her complaints of disability discrimination and retaliation.

36. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated by Defendant due to (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations (which constitutes illegal retaliation); and (4) in retaliation for her complaints of disability discrimination.

37. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiffs shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 24, 2021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sally Slocum | : | CIVIL ACTION |
| v. | : | |
| The Home Depot U.S.A., Inc. d/b/a The Home Depot | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/24/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 224 Gravel Pike, Collegeville, PA 19426

Address of Defendant: 2455 Paces Ferry Road, NW, Atlanta, GA 30339

Place of Accident, Incident or Transaction: Defendant's place of business

---

***RELATED CASE, IF ANY:***

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/24/2021    _____    ARK2484 / 91538
            *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 2/24/2021    _____    ARK2484 / 91538
            *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SLOCUM, SALLY

**DEFENDANTS**
THE HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Fulton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/24/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

[Print]  [Save As...]  [Reset]